UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY A. PARKER | CIVIL ACTION |
| VERSUS | NO. 18-3666 |
| JOHN W. STONE OIL DISTRIBUTORS, L.L.C. | SECTION "L" (2) |

**ORDER & REASONS**

Before the Court is Defendant's Motion to Strike the Testimony of Dr. Beverly Howze and Dr. Tim Pellegrin. R. Doc. 51. The motion is opposed. R. Doc. 52. Defendant filed a reply. R. Doc. 56. The Court now rules as follows.

**I.    BACKGROUND**

This case arises from injuries Plaintiff Jeremy Parker, a Jones Act seaman, allegedly sustained while working as a tankerman aboard a vessel, the *M/V PRESAGER*, owned by Defendant John W. Stone Oil Distributors LLC. R. Doc. 1 at 2. Plaintiff claims a fellow crewmember pulled on a face wire, causing a line to pop, which resulted in a 10-pound shackle falling approximately ten feet and hitting Plaintiff in the head. R. Doc. 30-1 at 1. Plaintiff alleges this impact caused serious injuries to his neck and head and rendered him unfit for duty as a seaman. R. Doc. 30-1 at 1. According to the Complaint, the sole and proximate cause of the accident was Defendant's negligence and the unseaworthiness of the *M/V PRESAGER*. R. Doc. 1 at 2–3. Accordingly, Plaintiff seeks to recover past, present, and future physical, mental and emotional pain and suffering; loss of wages and wage-earning capacity; medical expenses; past and future physical disability; and past, present, and future maintenance and cure. R. Doc. 1 at 3.

Defendant contests the cause of Plaintiff's accident and asserts Plaintiff placed himself in

an unsafe position in violation of Defendant's safety rules. R. Doc. 35 at 1. Further, Defendant alleges Plaintiff failed to inspect the line in question prior to its use. R. Doc. 35 at 1.

## II. PRESENT MOTION

Before the Court is Defendant's Motion to Strike the Testimony of Dr. Beverly Howze and Dr. Tim Pellegrin. R. Doc. 51. Defendant claims either: (1) Plaintiff's failure to designate Dr. Howze and Dr. Pellegrin as treating physicians prior to the expert disclosure deadline unfairly prejudices Defendant, or in the alternative, (2) Dr. Howze's and Dr. Pellegrin's testimony is cumulative of Dr. Wakeman's testimony. R. Doc. 51 at 1–2. The motion is opposed. R. Doc. 52. Defendant filed a reply. R. Doc. 56.

## III. LAW AND ANALYSIS

### a. Whether Plaintiff untimely disclosed Dr. Howze's and Dr. Pellegrin's testimony

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). Moreover, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports. Fed. R. Civ. P. 26(a)(2)(B). Treating physicians, however, are exempt from this reporting requirement. *Leggett v. Dolgencorp, LLC*, No. CV 16-17264, 2017 WL 4791183, at *1 (E.D. La. Oct. 24, 2017); *see also Sheppard v. Liberty Mut. Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017). Generally, the disclosure of treating physicians is governed by Rule 26(a)(2)(D)(i), which requires disclosures to be made "at least 90 days before the date set for trial," absent a stipulation or court order. Fed. R. Civ. P. 26(a)(2)(D)(i).

Adherence to Rule 26 and the Court's scheduling order is "critical in maintaining the integrity of the judicial proceedings." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991). "When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), 'the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." *In re Complaint of C.F. Bean, LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting Fed. R. Civ. P. 37(c)(1)). In determining whether a violation of Rule 26 is harmless under Rule 37(c), courts consider the following factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and, (4) the explanation for the party's failure to disclose." *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "District courts are given broad discretion in determining whether to exclude expert testimony when a party has failed to designate such witnesses in accordance with pre-trial orders." *1488, Inc.*, 939 F.2d at 1288 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

Here, the Third Scheduling Order that was in place when Defendant filed this Motion to Strike stated:

> Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial not later than May 9, 2019. The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

R. Doc. 22 at 2.

Defendant alleges Plaintiff's deadline for designating Dr. Howze and Dr. Pellegrin as treating physicians was the April 9, 2019 expert disclosure deadline. R. Doc. 51-1 at 7. However, as stated above, treating physicians are not subject to the same expert report deadline as other

3

experts. *See, e.g., Leggett*, 2017 WL 4791183, at *1. Instead, Dr. Howze and Dr. Pellegrin would have been subject to the deadline for providing "a list of all witnesses who may or will be called to testify at trial," which was May 9, 2019 in the Third Scheduling Order.[1] R. 22 at 2. After this deadline passed, however, the parties filed a Joint Motion to Continue, R. Doc. 47, which the Court granted on June 21, 2019, R. Doc. 48. In their Joint Motion, the parties represented a continuance was necessary due to Plaintiff's continuing treatment. R. Doc. 47-1 at 2. The Court granted this Motion with the understanding that Plaintiff's medical treatment had not yet been completed and additional medical testimony might be introduced. However, the Court did not issue an updated Scheduling Order until after this pending Motion to Strike was filed. The Court has since issued an updated Scheduling Order, setting the new date for the list of witnesses who may or will be called to testify at trial for September 11, 2019. As such, the Court need not consider whether there was a violation of Federal Rule of Civil Procedure 26, as the Fourth Scheduling Order has rendered Defendant's argument on this point moot.

b. **Whether Dr. Howze's and Dr. Pellegrin's testimony is cumulative of Dr. Wakeman's testimony**

Defendant argues in the alternative that Dr. Howze's and Dr. Pellegrin's testimony is cumulative of Dr. Wakeman's testimony and should thus be excluded. R. Doc. 51 at 2.

Pursuant to Rule 403 of the Federal Rule of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, the Fifth Circuit has held that "[t]he exclusion of evidence under Rule 403 should occur only sparingly." *United States v. Pace*, 10 F.3d

---

[1] It is the Court's understanding that Dr. Howze and Dr. Pellegrin will only be testifying as treating physicians and not as expert witnesses. However, if Plaintiff intends to introduce them as experts in this matter, then their written expert report deadline would be the expert report deadline stated in the Scheduling Order.

1106, 1115 (5th Cir. 1993). Additionally, the Fifth Circuit has not put a precise limit on the number of experts that can testify regarding a particular issue. *See Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989). Multiple experts may testify to the same conclusion if they approached their individual analyses from separate "vantage points." *See Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. 4:15CV15-LG, 2017 U.S. Dist. LEXIS 204892 (W.D. Tex. July 19, 2017); *Thomas v. W&T Offshore, Inc.*, No. CV 16-14694, 2018 WL 4095099, at *3 (E.D. La. Aug. 27, 2018). Because "[i]t is difficult . . . to determine the necessity and cumulative effect of testimony by several experts," the Court has wide discretion in allowing experts to testify. *See Leefe*, 876 F.2d at 411.

Defendant argues Dr. Wakeman is a clinical neuropsychologist who is set to provide expert testimony concerning Plaintiff's neuropsychological and emotional injuries. R. Doc. 51-1 at 11. Defendant says that, because Dr. Wakeman has already "opined on depression, brain injury, memory impairment, and neurocognitive deficits and decline," any testimony by Dr. Howze and Dr. Pellegrin would be needlessly cumulative of Dr. Wakeman's opinions. R. Doc. 51-1 at 13.

In opposition, Plaintiff argues Dr. Howze's and Dr. Pellegrin's testimony is not cumulative because Dr. Howze and Dr. Pellegrin are treating physicians, while Dr. Wakeman is an expert witness. R. Doc. 52 at 7. Plaintiff states Dr. Wakeman will be testifying as to the "diagnosis of depression, how he made that diagnosis, what he recommended in relation to that diagnosis . . . and how and why this diagnosis causally related to the subject incident." R. Doc. 52 at 7. Meanwhile, Dr. Howze and Dr. Pellegrin, as Plaintiff's treating physicians, will testify as to the treatment that they are providing Plaintiff. R. Doc. 52 at 7.

As this Court has previously ruled, when doctors approach the same subject matter from different "vantage points," their testimony is not necessarily cumulative. R. Doc. 50 at 6. While

Dr. Wakeman is providing expert testimony on diagnoses and causation relating to depression, Dr. Howze and Dr. Pellegrin are providing Plaintiff with medical care relating to his depression. Therefore, while there may be some overlap, Dr. Wakeman's testimony and Dr. Howze's and Dr. Pellegrin's testimony are not impermissibly cumulative of each other. Any objection to Dr. Howze's and Dr. Pellegrin's testimony is ripe for cross examination. If at trial Dr. Howze's and Dr. Pellegrin's testimony duplicates Dr. Wakeman's, or vice versa, Defendant may object to the testimony at that time.

**IV. CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Strike the Testimony of Dr. Beverly Howze and Dr. Tim Pellegrin, R. Doc. 51, is hereby **DENIED**.

New Orleans, Louisiana, this 19th day of August, 2019.

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE